# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD BELL<br><br>Plaintiff(s),<br><br>v.<br><br>DAVIDS BRIDAL, INC.<br><br>Defendant(s). | CASE NUMBER:<br><br>2:18−cv−06501−PA−E<br><br><br>**NOTICE TO PARTIES:**<br>**ADA DISABILITY ACCESS LITIGATION** |

**INSTRUCTIONS TO PLAINTIFF:**

    In this action alleging violations of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181-12189, Plaintiff is directed to serve three documents (the "ADA Packet") on the Defendant(s): (1) this Notice to Parties; (2) the attached Application for Stay and Early Mediation; and (3) the attached [Proposed] Order Granting Application for Stay and Early Mediation.

    Plaintiff is directed to serve the ADA Packet on Defendant(s) at the same time the summons and complaint are served, if possible. If, upon receipt of this Notice to Parties, Plaintiff has already served Defendant(s), Plaintiff must serve the ADA Packet no later than fourteen (14) days after this Notice to Parties is filed with the Court. Within three (3) days of serving Defendant(s), Plaintiff must file with the Court a proof of service indicating that the ADA Packet was served on Defendant(s).

    Failure to comply with these directives may adversely affect Plaintiff's claims. For instance, where Defendant fails to answer the complaint, the Court will not enter default judgment unless Plaintiff has served that Defendant with this Notice and the Application for Stay.

**NOTICE TO DEFENDANT(S): YOU ARE BEING SUED PURSUANT TO THE ADA**

    In this case, Plaintiff alleges that Defendant(s) failed to comply with detailed provisions of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181-12189. More specifically, the Complaint alleges that Plaintiff encountered one or more physical or other barriers at a place of public accommodation operated by Defendant(s) and/or the place of public accommodation does not otherwise comply with applicable ADA Accessibility Guidelines ("ADAAG"). *See generally* 36 CFR Pt. 1191, apps. B & D.

    A plaintiff who encounters such barriers, or who is otherwise discriminated against "on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation," may file a private suit to enforce the provisions of Title III. 42 U.S.C. § 12182(a). Monetary damages are not recoverable pursuant to the ADA, but injunctive relief and attorney fees may be awarded. 42 U.S.C. §§ 12188(a)(1)-(2), 12205. Where a violation is found, injunctive relief is likely to

require Defendant(s) to remedy physical barriers or other items that fail to conform with the requirements of the ADA. Additional information about the ADA, including downloadable documents setting forth the current ADA Standards for Accessible Design, is available from the United States Department of Justice. *See* http://www.ada.gov/2010ADAstandards_index.htm (last accessed on August 16, 2016).

### ALTERNATIVE DISPUTE RESOLUTION ("ADR") IS AVAILABLE

Despite the efforts to achieve a fair, timely, and just outcome in all Title III cases, litigation can be an expensive and lengthy process. For this reason, it is this Court's policy to encourage parties to attempt to settle their disputes through alternative dispute resolution ("ADR") at an early stage of litigation. ADR is likely to significantly reduce the cost of litigation and the amount of time needed to resolve ADA claims. In the Court's experience, early ADR is particularly beneficial in disability access litigation because many physical barriers and other failures to comply with ADAAG's requirements can be quickly and economically remedied without litigation. However, where easy fixes are not made promptly, and where resolution of disputes is sought through litigation, the costs of litigation can rapidly overtake the costs of remedying the underlying violation(s). The economically efficient and expeditious removal of barriers to access for persons with disabilities furthers the primary public policy goals of the ADA.

Therefore, to encourage early resolution of litigation, this Court allows a defendant to ask for a stay of litigation so that the parties may participate in the Court's ADR Program. A stay temporarily halts the litigation and puts the litigation "on hold" to allow for mediation. The Court's ADR Program offers mediation through a panel of qualified and impartial attorney-mediators who encourage the fair, speedy, and economic resolution of civil actions. All Panel Mediators have at least ten years of legal experience and are appointed by the Court. They volunteer their preparation time and the first three hours of a mediation session. Involvement by a Panel Mediator in an ADA access case is a cost-effective way for parties to explore potential avenues of resolution and is similar to programs adopted in California's Superior Courts to resolve similar claims.

### LEGAL REPRESENTATION IS NOT REQUIRED FOR MEDIATION

Ideally, all parties would be represented by counsel. Certainly, any party that chooses to proceed without legal representation will be operating at a significant disadvantage. Although individuals may appear in an action without legal representation, no organization or entity of any other kind (including corporations, limited liability corporations, partnerships, limited liability partnerships, unincorporated associations, trusts) may appear in any action or proceeding unless represented by an attorney permitted to practice before this Court. L.R. 83-2.2.2. Nevertheless, in recognition that many parties do not obtain legal representation, the Court does not require that any party hire an attorney to file the Application for Stay and Early Mediation or to participate in the Court's ADR Program.

**If the action cannot be resolved through mediation, however, entity defendants (including partnerships, corporations, trusts, and limited liability companies) may not file an answer to the complaint or otherwise appear in the action without an attorney.** L.R. 83-2.2.2.

### TO REQUEST A STAY

To apply for a stay and participate in early mediation, the Defendant(s) must complete the attached Application for Stay and Early Mediation. If a party wishes to file the Application for Stay and Early Mediation, the Application must be filed with the Court and served on the

opposing party no later than the due date for an Answer to the Complaint or, alternatively, within fourteen (14) days of the date that the ADA Packet was served, whichever date is later. Where Defendant(s) agree to waive service in a timely manner, the Answer is due sixty (60) days after the request for waiver of service was sent. *See* Fed. R. Civ. P. 4(d) (waiver), 12(a)(1)(A)(ii) (due date). In the absence of a timely waiver, the Answer is ordinarily due within 21 days after service of the summons and complaint. *See* Fed. R. Civ. P. 12(a)(1)(A)(i). In all instances, the party requesting a stay should do so as soon as practicable.

If an Application for Stay and Early Mediation is filed, any opposition must be filed within seven (7) days of service of the Application. In accordance with the Court's Local Rules, the failure to file a timely opposition will be treated as consent to the imposition of a stay and referral of the case to mediation. L.R. 7-12 ("The failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion . . . .").

Absent a compelling reason to forego any attempt to mediate the dispute between the parties, the Court will generally grant the Application for Stay. If the Court grants the Application for Stay, it will enter an Order Staying Action and Requiring Early Mediation.

## PROCEDURE AFTER A STAY IS IMPOSED

Within fourteen (14) days of the date of the Order Staying Action and Requiring Early Mediation, Plaintiff must file with the Court and serve on Defendant a statement that includes: 1) a list of specific conditions that he or she believes violate the ADA; and 2) an itemized list of damages and, for each item, the amount sought.

If Defendant remedies the violation(s) identified by Plaintiff, or if Defendant asserts that no violation exists, the Defendant will be required to provide evidence showing the correction or absence of the alleged violation(s). Defendants with Certified Access Specialists ("CASp") inspection reports may use those reports to rebut Plaintiff's allegations and could be entitled to other protections if Plaintiff has asserted claims under California law. Information about CASp inspections is available from the State of California Department of General Services website. *See* http://www.dgs.ca.gov/dsa/Programs/programCert/casp.aspx (last accessed August 16, 2016).

## VOLUNTARY ACTION TO REMEDY ADA ACCESS VIOLATIONS

A plaintiff's federal claims may become moot if a defendant voluntarily remedies conditions alleged to be in violation of the ADA and/or ADAAG. In such a case, a defendant who voluntarily remedies all ADA and ADAAG violations without being ordered to do so may obtain dismissal of the claims. Moreover, in some instances, such voluntary action by a defendant may negate a plaintiff's entitlement to attorney fees. *See Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Human Res.*, 532 U.S. 598, 605-06 (2001) (superseded by statute on other grounds).

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

CASE NUMBER:

Plaintiffs,

v.

Defendants.

**ADA DISABILITY ACCESS LITIGATION:
APPLICATION FOR STAY
AND EARLY MEDIATION**

1. Party (name): _____ requests a stay of proceedings and early mediation through the Court's ADR Program.

2. The complaint in this case asserts a claim under Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181-12189.

3. The party filing this Application for Stay and Early Mediation requests that the Court:

   a. Stay these proceedings;

   b. Schedule an early mediation through the Court's ADR Program;

   c. Order Plaintiff to file with the Court and serve on Defendant(s) within fourteen (14) days of the date of the Order granting Application for Stay and Early Mediation a statement that includes the following:
      1)   An itemized list of specific conditions on the subject premises that are the basis of the claimed violations of the ADA; and

      2)   An itemized list of damages and, for each item, the amount sought;

   d. Order Defendant to file with the Court and serve on Plaintiff(s) at least ten (10) days before the date set for the early mediation any evidence Defendant intends to rely upon to support a claim that the alleged violations have been remedied or that no violation exists.

Date: _____

_____                    _____
*Type or Print Name*                          *Signature of Attorney (or Party Without Attorney)*

**Opposition to this Application for Stay and Early Mediation
must be filed no later than seven (7) days from the date of service of this
Application for Stay and Early Mediation.**

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

CASE NUMBER:

Plaintiff(s),

v.

Defendant(s).

**ADA DISABILITY ACCESS LITIGATION:**
**[PROPOSED] ORDER GRANTING**
**APPLICATION FOR STAY**
**AND EARLY MEDIATION**

The Court has considered the recently filed Application for Stay and Early Mediation, and hereby **ORDERS**:

1. This action is STAYED as to _____ for a period of ninety (90) days from the date of the filing of this Order, unless otherwise ordered by the court.

2. This case is referred to:

    ___ **ADR PROCEDURE NO. 1:** Magistrate Judge assigned to the case for such settlement proceedings as the judge may conduct or direct.

    ___ **ADR PROCEDURE NO. 2:**  This case is referred to the ADR Program. Within twenty-one (21) days, plaintiff shall obtain the consent of a Mediator listed on the Court's Mediation Panel who will conduct the mediation, and file form ADR-2, Stipulation Regarding Selection of Mediator. If the parties have not selected and obtained the consent of a Panel Mediator within twenty-one (21) days, the ADR Program (213-894-2993) will assign one. Forms and a list of the Panel Mediators are available on the Court's website, www.cacd.uscourts.gov. Absent extraordinary circumstances, parties cannot request a continuance within three (3) business days of a scheduled mediation.

    The ADR proceeding is to be completed no later than: _____.

3. Within fourteen (14) days of the date of this Order, Plaintiff shall file with the Court and serve on Defendant(s) a statement ("Plaintiff's Case Statement") that includes the following:
    a. An itemized list of specific conditions on the subject premises that are the basis of the claimed violations of the ADA; and
    b. An itemized list of damages and, for each item, the amount sought.

4. If Defendant claims to have remedied any or all of the violation(s) identified by Plaintiff, or asserts that no violation exists, that Defendant shall file with the Court and serve on Plaintiff evidence showing the correction or absence of violation(s) at least ten (10) days before the date set for the early mediation.

5. The parties shall file with the Court a Joint Status Report no later than seven (7) days after the ADR proceeding is completed advising the Court of the status of the alleged ADA violations and their mediation efforts.

Dated: _____    _____
                                 United States District Judge

cc:  ADR Program Director